# MALLISON & MARTINEZ
### ATTORNEYS AT LAW
1939 HARRISON STREET, SUITE 730
OAKLAND, CA 94612
TELEPHONE: (510) 832-9999
FACSIMILE: (510) 832-1101

STAN S. MALLISON*
HECTOR R. MARTINEZ
MARCO A. PALAU**
JOSEPH D. SUTTON
*MEMBER OF CA & NV BAR
** MEMBER OF CA & NY BAR

BAKERSFIELD OFFICE:
4949 BUCKLEY, SUITE 112
BAKERSFIELD, CA 93309
TEL: (661) 885-8333
FAX: (661) 215-6048

July 16, 2013

VIA FACSIMILE

The Honorable Magistrate Judge Laurel Beeler
United States District Court, Northern District Of California
San Francisco Courthouse, Courtroom C-15th Floor
San Francisco, CA 94102

RE: *Joint Letter Brief Re: Plaintiff's First Request for Production of Documents and First Set of Special Interrogatories, Case No. C13-0847*

Judge Beeler,

The following constitutes Plaintiff and Defendants' joint letter brief regarding Plaintiff's First Request for Production of Documents and First Set of Special Interrogatories. This discovery was served on April 26, 2013 immediately after the parties conferred pursuant to Rule 26(f)(1). Plaintiff has compiled Defendants comments on the drafts which were submitted by email into this letter.

The document requests involve employee telephone and address lists (Req 1), witness lists (Req. 2), timekeeping records (Req 3, 4), payroll records (Req 5, 6), Overtime (req 7), timekeeping policy documents (req 8), labor policy training (Req 9); rate or pay (Req 10,11); work schedules (Req 12, 13), payments in cash to employees (Req. 14), vacation pay policies (Req 15); records of employee work done (Req 16, 17); GPS records for work trucks (Req 18) employee policy and other core records designed to determine the hours worked, rest breaks, and meal breaks for all current and former employees.

The interrogatories request the following:

> SI 1: Please list all fact and legal theories that support your proposition that this court does not have jurisdiction pursuant to the Federal Question jurisdiction.
> SI 2: Please list all payments made to any current or former employee Defendant Ordaz Cultured Marble since April 2012 for which a complete legal paystub was not provided.

The Honorable Magistrate Judge Laurel Beeler
Re: Joint Letter Brief

> SI 3:  Please describe the legal basis for your assertions that Navarro's claims must be sought through the "labor commissioners with both Federal and State agencies" and cannot be brought in this action.
> SI 4:  Please describe your basis for asserting that Plaintiff has suffered no calculable loss or harm.
> SI 5:  Please describe who was in charge of determining whether and how much vacation and overtime would be paid by Defendant Ordaz Cultured Marble to Plaintiff from April 2009 to present.
> SI 6:  Please describe which officers, managers, owners, or employees were in charge of determining whether and how much vacation and overtime pay would be paid to employees of Defendant Ordaz Cultured Marble from April 2012 to present.
> SI 7:  Please describe why Defendant Ordaz Cultured Marble asserts that Plaintiff has not complied with any administrative requirements to bring a California Labor Code Private Attorney General Act Claim.
> SI 8:  Please provide the legal basis for Defendant Ordaz Cultured Marble to obtain legal fees and/or costs in this case.

Defendants have, to date, failed to provide any written responses to this discovery requests and are almost two months late.  Through a series of emails and an in person meeting which took place at Walnut Creek, the parties have attempted numerous times to resolve the issues involved in the discovery request to no avail.  In particular, Defendants rhave efuse to provide any substantive documents or interrogatory responses to any of the discovery based upon their positions described below.  Defendants also refuse to discuss the individual responses as Defendants have taken the position that no discovery should be provided to Plaintiffs at all on the following bases:

    1.  Defendant represents a small business that has 12 employees and disputes the right of plaintiff to sue under a wide ranging set of generic theories none of which have any specific application to the plaintiff
    2.  Defendant asserts that the letter to the department of justice didn't state any reason why Plaintiff could act as a private attorney general.
    3.  Defendant asserts at that plaintiff's complaint does not state any computable claim on behalf of any plaintiff.
    4.  Defendants assert that they have made the decision based on the initial disclosure that the plaintiff cannot state a claim without doing initial discovery.   Therefore the plaintiff has effectively admitted that there is no basis to state any claim on behalf of any employee.
    5.  Defendant asserts that there is no authority that Plaintiff's letter gives Plaintiff the power to bring a PAGA action on behalf of the current and former employees.
    6.  Defendant asserts that the complaint could at most be below the small claims jurisdiction
    7.  Defendant also asserts that they will not provide witness names because of these witnesses' privacy rights.

Defendant requested that the additional statement be added to this letter:
    Defendant believes that plaintiff Navarro-Gil's initial disclosure admitted that Navarro-Gil currently has no fact, document, or witness to any wage violation and frankly admits that there may be no violation at all; only discovery will tell, and only if all of Defendant Ordaz' employees files are produced. But Plaintiff Navaro-Gil was known to be dishonest, even though all documentation provided to him and his attorneys shows full compliance with all wage and hour requirements. The

The Honorable Magistrate Judge Laurel Beeler
Re: Joint Letter Brief

employer twice produced Gil's complete employee file and delivered it voluntarily to plaintiff and his counsel, which showed that Gil never worked over time, except for two occasions for which he was properly paid. Usually he worked 32 hours. He had full benefits and rest periods and vacation. Most employers would object to a lawsuit which needs discovery before the plaintiff attorney knows if there is a case or not. But Plaintiff was a particularly dishonest worker who used false social security numbers and worked while on sick leave and farmed out his unemployment benefits and had unseemly criminal matters. In the first year after plaintiff quit he went through a prolonged claim of age discrimination again without ever producing any evidence yet wasting time, and Defendant believes that he should first disclose what evidence he has of any loss and the manner of calculation before the court allows discovery.

Plaintiff addresses these as follows:

**Defendant's small-business reason for non-production:**
Defendant asserts that:
> *Defendant represents a small business that has 12 employees and disputes the right of plaintiff to sue under a wide ranging set of generic theories none of which have any specific application to the plaintiff*

However, Defendant has waived objections by failing to timely respond to discovery and has still provided no formal responses to discovery. Plaintiff has plead a proper PAGA complaint and no motion to dismiss was filed regarding pleading deficiencies. A PAGA complaint may be brought under PAGA by any aggrieved employee in which that employee may sue on behalf of all current and former employees for violations of the labor code. Cal. Labor Code 2699(a). As such, Plaintiff believes that neither the size of Defendants' business, the pleadings, nor Defendant's assertion regarding the validity of the claims has any bearing on Defendants' improper responses.

**Defendant's "Plaintiff can't act as a Private Attorney General" reason for non-production:**
> *Defendant asserts that the letter to the department of justice didn't state any reason why Plaintiff could act as a private attorney general.*

Defendant has waived objections by failing to timely respond to discovery. Plaintiff has not written the Department of Justice but to the California Labor Workforce and Development Agency. Plaintiff's claims are brought pursuant to the California Private Attorney General Act, labor code §2699. Plaintiff has repeatedly pointed Defendant to California Labor Code 2699 (a) which states expressly that:
> *2699. (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.*

See also *Arias v. Superior Court* (2009) 46 Cal. 4th 969, 981 ("Under this legislation, an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations"). The first section of the Act is 2698 which states: "This part shall be known and may be cited as the Labor Code Private Attorneys General Act of 2004." See also Arias v. Superior Court, ("…it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations"). Plaintiff has properly plead, and it has not been properly been contested that he has failed to comply with the requirements of PAGA which are detailed in Labor Code §2699.3.

3

The Honorable Magistrate Judge Laurel Beeler
Re: Joint Letter Brief

    Indeed, Special Interrogatory #3 specifically asks defendant for the specific basis for Defendants' assertions that complaint's claims cannot be brought in this action. Obviously, defendants cannot avoid production of this information on the bald assertion that "it cannot be done."

**Defendant's "no computation" reason for non-production:**
> *Defendant asserts at that plaintiff's complaint does not state any computable claim on behalf of any plaintiff.*

Defendant has waived objections to this discovery by failing to timely respond to discovery. Defendant has failed to contest Plaintiffs' pleadings or any issue regarding the computation of claims – a non-requirement in a complaint. Regardless, Plaintiff has provided a detailed damage analysis based upon information in plaintiffs' possession to date in their initial disclosures. Only after basic discovery will Plaintiffs be able to provide a precisely "computable" damage analysis for mediation or for trial. Plaintiff's asserted failure is Defendants' own doing (by for example not providing the very discovery at issue) and is not a basis for a the wholesale violation of their discovery obligations.

**Defendant's "Plaintiff cannot state a claim" reason for non-production:**
> *Defendants assert that they have made the decision based on the initial disclosure that the plaintiff cannot state a claim without doing initial discovery. Therefore the plaintiff has effectively admitted that there is no basis to state any claim on behalf of any employee.*

Defendant has waived objections by failing to timely respond to discovery. Plaintiffs have already stated a claim and Defendants have failed to timely object to Plaintiff's initial pleadings by means of a 12(b)(6) motion if Defendants believed that they had an objection. There has never been any admission of the type purported by Defendant and any inability to be able to calculate final damages relates solely to Defendant's failure to produce discovery in this case or failure to properly maintain records if such records have been destroyed.

**Defendant's "no authority for PAGA action" asserted reason for non-production:**
> *Defendant asserts that there is no authority that Plaintiff's letter gives Plaintiff the power to bring a PAGA action on behalf of the current and former employees.*

Defendant has waived objections by failing to timely respond to discovery. Plaintiffs have already stated a claim and Defendants have failed to timely object to Plaintiff's initial pleadings. Plaintiff has repeatedly cited Defendant to California Labor Code 2699 (a) that states expressly that:
> *2699. (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.*

See also *Arias v. Superior Court* (2009) 46 Cal. 4th 969, 981 ("Under this legislation, an "aggrieved employee" may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations").

**Defendant's "small claims" asserted reason for non-production:**
> *Defendant asserts that the complaint could at most be below the small claims jurisdiction*

This complaint was filed pursuant to this courts subject matter jurisdiction pursuant to 28 U.S.C. 1331 as a result of Plaintiff's FLSA claim 29 U.S.C. §207. Plaintiff is unaware of a federal small

4

The Honorable Magistrate Judge Laurel Beeler
Re: Joint Letter Brief

claims court and the damages estimated in the initial disclosures are several hundred thousands pursuant to the PAGA claims.

**Defendant's asserted "privacy right" reason for non-production:**
*Defendant also asserts that they will not provide witness names because of these witnesses' privacy rights.* Defendant has waived objections by failing to timely respond to discovery. Regardless, Plaintiff has provided Defendant with a proposed protective order based upon the Northern District Model Protective Order for comment and Plaintiffs' propose that this court enter such an order. Plaintiffs will provide the court with a customized version of this order for the court. There is no privacy right that would barre Plaintiff's rights to pursue and prove their PAGA claim.

**Defendant's various "ad hominem" reasons for non-production:**
Plaintiffs does not believe it necessary to respond to the Ad Hominen attacks which are all false including Defendants' failure to produce accurate time records or other records which would demonstrate the violations at issue. Plaintiff requests that this court admonish Defendant in this regard.

Parties have meet and conferred and no agreements have been made.
Very truly yours,

/s/ Stan Mallison
Stan Mallison
Attorney for Plaintiff

/s/ Christopher Lucas
Christopher Lucas
Attorney for Defendant