UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RAFAEL NAVARRO, | No. C 13-00847 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| v. | |
| ORDAZ CULTURED MARBLE & ONYX, INC., et al., | [Re: ECF No. 16] |
| Defendants. | |

**INTRODUCTION**

Plaintiff Rafael Navarro filed this wage-and-hour action against his former employer, Ordaz Cultured Marble & Onyx, Inc. ("OCM&O"), and Francisco Ordaz, who is the "responsible managing officer and owner" of Ordaz (collectively, "Defendants"). Mr. Navarro brings claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), numerous provisions of the California Labor Code, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. He also brings a claim, on behalf of himself and all other current and former employees of Ordaz, under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*. Mr. Navarro now moves for leave to file a First Amended Complaint to add a claim for violation of California Labor Code § 226.7 and to add Guillermina Ordaz as a defendant to his PAGA claim. Motion, ECF No. 16. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the August 15, 2013 hearing.

Upon consideration of Mr. Navarro's motion, Defendants' opposition, and the record in this case, the court **GRANTS** Mr. Navarro's motion.

**STATEMENT**

OCM&O is a California corporation engaged in construction material preparation for the greater Bay Area and is based in Concord, California. Complaint, ECF No. 1 ¶ 1. Mr. Navarro was employed as a non-exempt employee for OCM&O for an unspecified time. *Id.* ¶¶ 7, 14. Mr. Navarro alleges that Defendants maintained and enforced against its non-exempt employees (including him) unlawful practices and policies that violated federal and state wage and hour laws. *Id.* ¶ 21. He alleges that Defendants failed to pay "premium overtime (and double time) wages for hours worked in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a workweek without overtime pay"; failed to pay accrued vacation time; failed to provide accurate, itemized wage statements; failed to maintain accurate time-keeping records; and failed to pay all wages earned and owing at the time employment was terminated. *Id.* He further alleges that OCM&O typically required employees (including him) to work more than 8 hours in a day, and he often "punched out" at about the 8 hour mark and continued working "off the clock" and "was compensated by separate non-payroll check (effectively in cash) at a regular rate of pay." *Id.* at ¶ 9. He also alleges that the "employee manual promised" "one week of paid vacation" but he did not receive any. *Id.* Mr. Navarro alleges that Defendants "were on actual and constructive notice" of these violations and "intentionally refused to rectify their unlawful policies," making their violations "willful and deliberate." *Id.* ¶ 22. Finally, he alleges that it is "difficult to account with precision" the amount of wages he and other non-exempt employees are due because Defendants "did not implement and preserve a sufficient record-keeping method to record all overtime hours worked and wages earned." *Id.* ¶ 23.

Mr. Navarro filed the instant complaint on February 25, 2013. Complaint, ECF No. 1. He brings 7 claims: (1) violation of the FLSA by failing to pay overtime wages; (2) violation of California Labor Code §§ 510, 1194, and 1194.2 for failing to pay overtime wages; (3) violation of California Labor Code §§ 227.3, 1197, 1194(A), 1194.2, and applicable Wage Orders for failing to pay wages related to accrued vacation time; (4) violation of California Labor Code §§ 201, 202, and

1  203 for failing to timely pay wages at termination; (5) violation of California Labor Code §§ 226(B),
2  1174, and 1175 for failing to keep and provide accurate wage statements; (6) violation of the
3  California's UCL by engaging in "unlawful" and "unfair" business practices; and (7) violation of
4  PAGA for the previously mentioned violations. *See generally id.* It appears from Mr. Navarro's
5  complaint that he brings his first, second, third, and seventh claims against both Defendants, and that
6  he brings his fourth, fifth, and sixth claims against OCM&O only. *See id.* ¶¶ 24-72. Defendants did
7  not move to dismiss the complaint and instead answered it on April 15, 2013. Answer, ECF No. 5.

8  On May 22, 2013, the parties filed a joint case management conference statement. 5/22/2013
9  CMC Statement, ECF No. 10. In it, Defendants took issue with the "vague and speculative wage
10 claims that have yet to be quantified," insisted that OCM&M's "employees records show that no
11 wage or hour or overtime or vacation violations occurred with respect to [Mr. Navarro]," and
12 emphasized their believe that "this litigation has no basis." *Id.* at 2, 3, 4. Defendants also argued
13 that "no discovery should be permitted unless [Mr. Navarro] can verify and calculate a prima facie
14 basis for some overtime or other cl[ai]m[,] including when and how much." *Id.* at 5; *see id.* ("No
15 discovery should be permitted until some initial disclosure shows some basis for a claim and some
16 calculation of the amount."). Mr. Navarro, for his part, stated that, at that time, he could not
17 calculate his damages or the damages suffered by OCM&O's other employees (who, presumably,
18 are covered by Mr. Navarro's PAGA claim) until discovery is taken and that he has "propounded
19 discovery covering core timekeeping and payroll information for purposes of liability and
20 mediation." *Id.* at 5, 6. Mr. Navarro also alerted the court of his intention to amend the complaint to
21 add a claim for rest period violations and to add Guillermina Ordaz as a defendant. *Id.* at 4.

22 At the case management conference on May 30, 2013, the court acknowledged that the parties
23 raised a number of disagreements in their case management conference statement. But the court also
24 noted that most of Defendants' arguments were not appropriate at that time because the action had
25 proceeded "past the motion to dismiss stage." Indeed, the court told the parties that it "wanted to
26 talk with you about how you are going to stage your discovery because, as I said, the complaint was
27 answered, there wasn't a motion to dismiss filed, and so there is no basis for what Defendants say
28 that Plaintiffs have to show, that there is a basis for a claim, because we are beyond that stage." The

court then went on to tell the parties that they needed to serve their initial disclosures as well as any written discovery that might be helpful for mediation. After the hearing, the court issued a case management and pretrial order that set, among other dates, a deadline of July 1, 2013 for the parties to seek leave to add new parties or amend the pleadings. Original Case Management Order, ECF No. 14 at 2; *see also* Amended Case Management Order, ECF No. 19 at 2.

On July 1, 2013, Mr. Navarro timely filed the instant motion for leave to file a First Amended Complaint to add a claim for violation of California Labor Code § 226.7 and to add Guillermina Ordaz as a defendant to his PAGA claim. Motion, ECF No. 16. On July 16, 2014, Defendants filed an opposition to Mr. Navarro's motion. Opposition, ECF No. 21.

**ANALYSIS**

**I. LEGAL STANDARD**

Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1] "The court should freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring

---

[1] Motions to amend the pleadings filed <u>after</u> the court's deadline for doing so (i.e., after the deadline set in the court's scheduling order) must satisfy the more stringent "good cause" showing required under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Here, Mr. Navarro filed his motion on July 1, 2013 – the last day for parties to seek leave to amend the pleadings – so he need only satisfy the Rule 15 standard.

C 13-00847 LB
ORDER                                                        4

granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## II. APPLICATION

Mr. Navarro states in his motion that he had not completed his investigation when he filed his original complaint. Motion, ECF No. 17 at 3. After further investigation, he believes that he has a viable "rest period claim" because Defendants failed "to provide two rest breaks for 6 hour and longer shifts at the 'middle of the work period.'" *Id.* at 4. He also believes that Guillermina Ordaz also is liable under his PAGA claim because "she helped 'cause' the violations." *Id.* As he did not know of these claims when he filed his complaint, and with there being plenty of time left for the prosecution of this action (fact discovery does not close until December 19, 2013 and trial is not until July 21, 2014), he argues that he was diligent in moving to file a First Amended Complaint, seeks to file it in good faith, and that Defendants will not be prejudiced. *Id.* at 4-5. The court also notes that this is the first time that Mr. Navarro has sought to amend his complaint, he notified Defendants and the court of his intention to seek to do so during the case management conference, and he timely filed his motion to do so within the court's deadline.

Defendants' opposition does not directly address Mr. Navarro's arguments or the factors considered to determine whether to grant leave to amend. *See generally* Opposition, ECF No. 21. Instead, Defendants largely repeat arguments that it made in the parties' case management statement and which the court rejected.[2] For instance, Defendants again insist that Mr. Navarro's complaint is

---

[2] Defendants also request that the court consider their opposition as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Opposition, ECF No. 21 at 2-3. The court declines to do so. First, it would be unfair to Mr. Navarro to allow such a motion to proceed with a shortened responsive time (e.g., he would have only 7 days to reply to an opposition versus 14 days to oppose a properly noticed motion). Second, the court sees no basis for it. District courts have original jurisdiction to hear civil cases arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Mr. Navarro has asserted a claim for violation of a federal statute (the FLSA). Indeed, Section 216(b) of the FLSA specifically authorizes an employee to bring an action for damages and other relief "in any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b). Thus, subject matter jurisdiction exists over his FLSA claim. *See*, *e.g.*, *Diaz v. Ming & Kent, Inc.*, No. C09-05774, 2010 WL 890040, at *1-2 (N.D. Cal. Mar. 8, 2010); *Vega v. Peninsula Household Servs., Inc.,* No. C-08-03814, 2009 WL 656291, at *2 (N.D. Cal. Mar. 12, 2009). In addition, Mr. Navarro has asserted other, related California state law claims. Pursuant to

"vague" and lacking in "specifics."  As mentioned above, the court rejected Defendants' arguments that Mr. Navarro's claims were insufficiently pled because Defendants already answered the complaint and chose not to file a motion to dismiss under Rule 12(b)(6).  Defendants also state that OCM&O produced to Mr. Navarro his "employment file" and payroll records that indicate that Defendants committed no wage and hour violations, thus making this a meritless action.  But what the evidence shows is a matter for the summary judgment stage, and this action is nowhere near that. Discovery only recently opened, and it is far from being closed.  And Defendants' statement that its own payroll records demonstrate compliance with applicable law misses the point as Mr. Navarro alleges that he was required to "clock out" after 8 hours and then continue working "off the books." Finally, Defendants attack Mr. Navarro's credibility by accusing him of committing violations of law, but this has no bearing on the issue being discussed here.

Accordingly, after considering the papers submitted, the court finds that Mr. Navarro has met the standard under Rule 15 for amending his complaint.  He shall file his First Amended Complaint as a separate docket entry on ECF within 7 days from the date of this order.

## CONCLUSION

Mr. Navarro's motion for leave to file a First Amended Complaint is **GRANTED**.  He shall file it as a separate docket entry on ECF within 7 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 19, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

28 U.S.C. § 1367(a), when a plaintiff's state law claims "are so related to [the] claims" within the court's original jurisdiction, the court may also properly exercise supplemental jurisdiction over the plaintiff's state law claims. Section 1367 codified the test first enunciated in *United Mine Workers v. Gibbs*. 383 U.S. 715, 725 (1966), and the controlling constitutional standard for when claims "are so related" under § 1367 "remains that enunciated in *Gibbs*: the claims must form 'but one constitutional case' and 'derive from a common nucleus of operative fact.'"  *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002).  Here, Mr. Navarro's state law claims meet this standard and so supplemental jurisdiction may be taken over them.