UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| RAFAEL NAVARRO, | No. C 13-00847 LB |
|---|---|
| Plaintiff, | **ORDER APPROVING THE PAGA PENALTY IN THE PARTIES' SETTLEMENT AGREEMENT** |
| v. | |
| ORDAZ CULTURED MARBLE & ONYX, INC., et al., | |
| Defendants. | |

Plaintiff Rafael Navarro filed this wage-and-hour action against his former employer, Ordaz Cultured Marble & Onyx, Inc. ("OCM&O"), Francisco Ordaz, the responsible managing officer and owner of OCM&O, and Guillermina Ordaz, a supervisor at OCM&O (collectively, "Defendants"). Mr. Navarro brings claims on his own behalf for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), numerous provisions of the California Labor Code, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. He also brings a claim, on behalf of himself and all other current and former employees of OCM&O, under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 et seq.

On January 29, 2015, the parties notified the court that they settled the action and had executed a written settlement agreement to that effect. On February 16, 2015, Mr. Navarro filed a motion asking the court to approve the parties' settlement. (Motion, ECF No. 70.) This is not a class action subject to Rule 23, so the court does not need to approve the full settlement. But because Mr.

Navarro's action includes a PAGA claim, the court must approve the PAGA penalties agreed to by the parties. *See* Cal. Lab. Code § 2699(l) ("The superior court shall review and approve any penalties sought as a part of a proposed settlement agreement pursuant to [PAGA]."). Here, out of the total settlement amount of $76,825, the parties have set aside $20,000 as a penalty under PAGA. (*See* Motion, Ex. A (Settlement Agreement) ¶ 2(b)(vi), ECF No. 70-1 at 6.) Of that $20,000, $15,000 will go to California's Labor and Workforce Development Agency "for enforcement of labor laws and education of employers and employees about their rights and responsibilities under" PAGA, and $5,000 will go to the "aggrieved employees." *See* Cal. Lab. Code § 2699(i). This 75%/25% split is required under PAGA. *See id.* This $20,000 amount also is in line with PAGA penalties that have been approved in other cases. *See*, *e.g.*, *Franco v. Ruiz Food Prods., Inc.*, No. 1:10–cv–02354–SKO, 2012 WL 5941801, at *14 (E.D. Cal. Nov. 27, 2012) (approving PAGA penalties of $10,000 as part of $2.5 million common-fund settlement); *Garcia v. Gordon Trucking*, No. 1:10–CV–0324–AWI–SKO, 2012 WL 5364575, at *3 (E.D. Cal. Oct. 31, 2012) (approving PAGA settlement payment of $10,000 out of the $3.7 million common-fund settlement); *Chu v. Wells Fargo Investments, LLC*, No. C 05–4526 MHP, C 06–7924 MHP, 2011 WL 672645, at *1 (N.D. Cal. Feb. 16, 2011) (approving PAGA settlement payment of $7,500 to the LWDA out of $6.9 million common-fund settlement). The court finds the PAGA penalty reasonable. It is approved.

The court also notes that the parties state in their settlement agreement, although Mr. Navarro does not mention it in his motion or proposed order, that they would like the court to retain jurisdiction over this action such that it may enforce the parties' settlement agreement. (*See* Settlement Agreement ¶ 4(b), ECF No. 70-1 at 9.) To the extent that they would like the court to do so, they should include this request in the stipulation of dismissal that the court previously ordered them to file by February 27, 2015. (*See* Order Administratively Closing This Action, ECF No. 69.)

**IT IS SO ORDERED.**

Dated: February 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge